## NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO:  Dennis Russo, Tax I.D. # 926045
     New York City Police Department
     Narcotics Borough Brooklyn South
     One Police Plaza
     New York, New York 10038

A lawsuit has been commenced against you.  A copy of the complaint is attached to this notice.  It has been filed in the United States District Court for the Southern District of New York and has been assigned docket number 07 CV 5448 (CM) (KNF).  The City attorney in defending this case is Brooke Birnbaum, Esq. who can be reached at (212) 676-1347.  Ms. Birnbaum is employed at the Office of the Corporation Counsel, located at 100 Church Street, New York, NY 10007.

This is not a formal summons or notification from the court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint.  The cost of service will be avoided if I receive a signed copy of the waiver within **30** days after the date designated below as the date on which this Notice and Request is sent.  I enclose a stamped and addressed envelope for your use.  An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you.  The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before **60** days from the date designated below as the date on which this notice is sent.

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the court to **require you to pay the full costs of such** service.  In that connection, please read the statement concerning the

-2-

duty of parties, under Rule 4 of the Federal Rules of Civil Procedure, to waive the service of the

summons, which is set forth on the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff(s), on the

28th day of June 2007.

MICHAEL HUESTON, ESQ.
*Attorney for Plaintiff*
350 Fifth Avenue, Suite 4810
New York, New York 10118
(212) 643-2900
By:

_____
MICHAEL O. HUESTON (MH 0931)

## WAIVER OF SERVICE OF SUMMONS

TO:   MICHAEL HUESTON, ESQ.
       350 Fifth Avenue, Suite 4810
       New York, New York 10118

 I acknowledge receipt of your request that I waive service of a summons in the action of <u>Goines v. City of New York, et. al.</u>, which is case number 07 CV 5448 (CM) (KNF) in the United States District Court for the Southern District of New York.  I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

 I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I be served with judicial process in the manner provided by Rule 4.

 I will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

 I understand that a judgment may be entered against me if an answer or motion under Rule 12 is not served upon you within 60 days after, or within 90 days after that date if the request was sent outside the United States.

_____
Date

_____
Signature

Printed/typed name:   _____

### Duty to Avoid Unnecessary Costs of Service of Summons

 Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint.  A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause is shown for its failure to sign and return the waiver.

 It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property.  A party who waives service of the summons retains all defenses and objections (except any relating to the summons or the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

 A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court.  If the answer or motion is not served within this time, a default judgment may be taken against that defendant.  By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.