```
┌─────────────────────────┐
│ USDS SDNY               │
│ DOCUMENT                │
│ ELECTRONICALLY FILED    │
│ DOC #: _____  │
│ DATE FILED: 7/10/07     │
└─────────────────────────┘
```





JUN 29 2007
CHAMBERS OF
COLLEEN McMAHON

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

BROOKE BIRNBAUM
*Assistant Corporation Counsel*
(212) 676-1347
(212) 788-9776 (fax)
bbirnbau@law.nyc.gov

June 29, 2007

**MEMO ENDORSED**

**VIA FAX**
Fax: (914) 390-4152 and (212) 805-6326
Honorable Colleen McMahon
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 640
New York, New York 10007

7/9/07
*[signature] granted*

Re: <u>Goines v. The City of New York et al</u>  07-CV-05448 (CM)

Your Honor:

      I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department handling the defense of the above-referenced matter on behalf of defendants City of New York and Commissioner Raymond Kelly. In that capacity, I write with the consent of plaintiff's counsel, Mr. Michael Hueston, Esq., to respectfully request a sixty-day enlargement of time, from July 5, 2007 until September 5, 2007, within which defendants City and Kelly may answer or otherwise respond to the complaint. This is the first request for an enlargement of time.

      The complaint alleges, *inter alia*, that plaintiff was falsely arrested, assaulted, strip searched, and maliciously prosecuted by several New York City police officers. In addition to the City of New York, plaintiff names New York City Police Officers Gregory Clarke and Dennis Russo and an unidentified New York City Police Department Supervisor as defendants.

      Before we can adequately respond to the complaint, we will need to conduct an investigation into the facts of the case. The enlargement of time will afford us the opportunity to do so. An enlargement of time will allow this office to forward to plaintiff for execution an authorization for the release of records sealed pursuant to New York Criminal Procedure Law § 160.50. Pursuant to that statute, all records concerning the arrest and prosecution of plaintiff were sealed by court order upon the termination of the criminal action in favor of plaintiff. Accordingly, a § 160.50 release is necessary for defendants to access the information that exists concerning plaintiff's arrest, properly assess the case, respond to the complaint in compliance with our obligations under Rule 11 of the Federal Rules of Civil Procedure, and timely participate in discovery. The scope of a 160.50 release is broadly interpreted by the NYPD. Accordingly, if any paperwork was prepared by the police department with respect to the aforementioned plaintiff, e.g., search warrants, arrest paperwork that was later voided, or

complaint reports, then it would be sealed pursuant to N.Y.C.P.L. § 160.50, and the City would not have access to it to prepare its defense in this matter. Simply put, without this release, defendants cannot access and consequently, produce in discovery, police paperwork, criminal court documents, or records from the district attorney's file pertaining to plaintiff's underlying arrest and prosecution that is the basis of this lawsuit.

Additionally, pursuant to and consistent with Your Honor's Individual Rules, an enlargement of time will allow us to forward to plaintiff authorizations for the release of relevant medical records. Defendants cannot obtain plaintiff's medical records without the medical authorizations, and without the records, defendants cannot obtain the underlying documentation and properly evaluate plaintiff's claims.

Moreover, on June 28, 2007, plaintiff filed waivers of service on behalf of Gregory Clarke and Dennis Russo. Without making any representations on these individuals' behalf, it is respectfully requested that their time to respond to the complaint similarly be enlarged so that their defenses are not jeopardized while representational issues are being decided. Pursuant to Section 50-k of the New York General Municipal Law, this office must determine, based on a review of the case, whether we may represent each individual. Each individual must then decide whether he wishes to be represented by this office. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864 - 65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)). If so, we must obtain the individual's written authorization. Only after this procedure has been followed can we determine how to proceed in this case.

In view of the foregoing, it is respectfully requested that the Court grant the within request. Thank you for your consideration.

Respectfully submitted,

Brooke Birnbaum (BB 8338)
Assistant Corporation Counsel

cc: Mr. Michael Hueston, Esq. (By Fax)

2