UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MICHAEL GOINES,

                                          Plaintiff,

-against-

THE CITY OF NEW YORK, COMMISSIONER
RAYMOND KELLY, P.O.SUPERVISOR JOHN DOE #1;
P.O. GREGORY CLARKE, and DENNIS RUSSO, the
individual defendants sued individually and in their official
capacities,

                                          Defendants.

------------------------------------------------------------------------ x

**ANSWER ON BEHALF OF DEFENDANTS CITY OF NEW YORK, KELLY AND CLARKE TO PLAINTIFF'S AMENDED COMPLAINT**

07-CV-05448 (CM)

Jury Trial Demanded

       Defendants City of New York, Raymond Kelly and Gregory Clarke, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the Amended Complaint, respectfully allege, upon information and belief, as follows:

       1.    Deny the allegations set forth in paragraph "1" of the Amended Complaint, except admit that plaintiff purports to proceed as stated therein.

       2.    Deny the allegations set forth in paragraph "2" of the Amended Complaint, except admit that plaintiff purports to bring this action as stated therein.

       3.  Deny the allegations set forth in paragraph "3" of the Amended Complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein and admit that a document purporting to be a Notice of Claim was received by the Comptroller's Office on October 12, 2006 and that the purported Notice of Claim has not been settled or otherwise disposed of.

4. Deny the allegations set forth in paragraph "4" of the Amended Complaint, except admit that plaintiff purports to base venue as stated therein.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Amended Complaint.

6. Deny the allegations set forth in paragraph "6" of the Amended Complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York.

7. Deny the allegations set forth in paragraph "7" of the Amended Complaint, except admit that Raymond Kelly is the Commissioner of the New York City Police Department.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Amended Complaint.

9. Deny the allegations set forth in paragraph "9" of the Amended Complaint, except admit that Gregory Clarke is employed by the City of New York as a police officer.

10. Deny the allegations set forth in paragraph "10" of the Amended Complaint, except admit that Dennis Russo is employed by the City of New York as a police officer.

11. Deny the allegations set forth in paragraph "11" of the Amended Complaint, except admit that plaintiff purports to sue defendants as stated therein.

12. The allegations set forth in paragraph "12" of the Amended Complaint constitute a statement to which no response is required.

13. Deny the allegations set forth in paragraph "13" of the Amended Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Amended Complaint.

15. Deny the allegations set forth in paragraph "15" of the Amended Complaint, except admit that Officers Clarke and Russo approached plaintiff.

16. Deny the allegations set forth in paragraph "16" of the Amended Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Amended Complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Amended Complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Amended Complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Amended Complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Amended Complaint.

22. Admit the allegations set forth in paragraph "22" of the Amended Complaint.

23. Admit the allegations set forth in paragraph "23" of the Amended Complaint.

24. Deny the allegations set forth in paragraph "24" of the Amended Complaint.

25. Deny the allegations set forth in paragraph "25" of the Amended Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Amended Complaint.

27. Deny the allegations set forth in paragraph "27" of the Amended Complaint.

28. Deny the allegations set forth in paragraph "28" of the Amended Complaint.

29. Deny the allegations set forth in paragraph "29" of the Amended Complaint.

30. Deny the allegations set forth in paragraph "30" of the Amended Complaint.

31. Deny the allegations set forth in paragraph "31" of the Amended Complaint.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Amended Complaint.

33. Deny the allegations set forth in paragraph "33" of the Amended Complaint.

34. Deny the allegations set forth in paragraph "34" of the Amended Complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Amended Complaint.

36. Deny the allegations set forth in paragraph "36" of the Amended Complaint.

37. Deny the allegations set forth in paragraph "37" of the Amended Complaint, except admit that on July 25, 2006, plaintiff was issued a summons.

38. Deny the allegations set forth in paragraph "38" of the Amended Complaint, except admit that the summons issued to plaintiff was dismissed.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the Amended Complaint, except admit that on October 3, 2006, the summons was dismissed.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the Amended Complaint, except admit that upon information and belief, Civilian Complaint Review Board #200611634 substantiated a charge against Officer Russo and recommended a command discipline.

41. Deny the allegations set forth in paragraph "41" of the Amended Complaint.

42. Deny the allegations set forth in paragraph "42" of the Amended Complaint.

43. Deny the allegations set forth in paragraph "43" of the Amended Complaint.

44. Deny the allegations set forth in paragraph "44" of the Amended Complaint.

45. Deny the allegations set forth in paragraph "45" of the Amended Complaint.

46. Deny the allegations set forth in paragraph "46" of the Amended Complaint.

47. Deny the allegations set forth in paragraph "47" of the Amended Complaint.

48. Paragraph "48" of the Amended Complaint states a legal conclusion rather than an averment of fact. Accordingly, no response is required.

49. Deny the allegations set forth in paragraph "49" of the Amended Complaint.

50. Deny the allegations set forth in paragraph "50" of the Amended Complaint.

51. Deny the allegations set forth in paragraph "51" of the Amended Complaint.

52. Deny the allegations set forth in paragraph "52" of the Amended Complaint.

53. In response to the allegations set forth in paragraph "53" of the Amended Complaint, defendants repeat and reallege paragraphs "1" through "52" of this answer as if fully set forth herein.

54. Deny the allegations set forth in paragraph "54" of the Amended Complaint.

55. Deny the allegations set forth in paragraph "55" of the Amended Complaint.

56. Deny the allegations set forth in paragraph "56" of the Amended Complaint.

57. Deny the allegations set forth in paragraph "57" of the Amended Complaint.

58. Deny the allegations set forth in paragraph "58" of the Amended Complaint.

59. In response to the allegations set forth in paragraph "59" of the Amended Complaint, defendants repeat and reallege paragraphs "1" through "58" of this answer as if fully set forth herein.

60. Deny the allegations set forth in paragraph "60" of the Amended Complaint.

61. Deny the allegations set forth in paragraph "61" of the Amended Complaint.

62. Deny the allegations set forth in paragraph "62" of the Amended Complaint.

63. Deny the allegations set forth in paragraph "63" of the Amended Complaint.

64. Deny the allegations set forth in paragraph "64" of the Amended Complaint.

65. Deny the allegations set forth in paragraph "65" of the Amended Complaint.

66. In response to the allegations set forth in paragraph "66" of the Amended Complaint, defendants repeat and reallege paragraphs "1" through "65" of this answer as if fully set forth herein.

67. Deny the allegations set forth in paragraph "67" of the Amended Complaint.

68. Deny the allegations set forth in paragraph "68" of the Amended Complaint.

69. Deny the allegations set forth in paragraph "69" of the Amended Complaint.

70. Deny the allegations set forth in paragraph "70" of the Amended Complaint.

71. Deny the allegations set forth in paragraph "71" of the Amended Complaint.

72. Paragraph "72" of the Amended Complaint states a legal conclusion rather than an averment of fact. Accordingly, no response is required.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

73. The Amended Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

74. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

75. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of others for whom the City of New York is not responsible, and was not the proximate result of any act of defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

76. Plaintiff has failed to comply, in whole or in part, with conditions precedent to suit under state law.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

77. Plaintiff provoked any incident.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

78. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

79. There was probable cause to arrest and prosecute plaintiff.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

80. The individual defendants Kelly and Clarke have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

81. At all times relevant to the acts alleged in the complaint, defendants Kelly and Clarke acted reasonably in the proper and lawful exercise of their discretion.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

82. At all times relevant to the acts alleged in the Complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City has governmental immunity from liability.

**AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE**

83. There was probable cause and/or reasonable suspicion for any search.

**WHEREFORE,** defendants City of New York, Raymond Kelly and Gregory Clarke request judgment dismissing the Complaint, as against it with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:　　　New York, New York
　　　　　　September 5, 2007

　　　　　　　　　　　　　　　　　　MICHAEL A. CARDOZO
　　　　　　　　　　　　　　　　　　Corporation Counsel of the
　　　　　　　　　　　　　　　　　　　City of New York
　　　　　　　　　　　　　　　　　　Attorney for Defendants City of New York,
　　　　　　　　　　　　　　　　　　Commissioner Kelly and Gregory Clarke
　　　　　　　　　　　　　　　　　　100 Church Street
　　　　　　　　　　　　　　　　　　New York, New York 10007
　　　　　　　　　　　　　　　　　　(212) 676-1347

　　　　　　　　　　　　　　By: _____
　　　　　　　　　　　　　　　　　　Brooke Birnbaum (BB 8338)
　　　　　　　　　　　　　　　　　　Assistant Corporation Counsel


To:　　Mr. Michael Hueston, Esq. (By ECF)

Docket No. 07-CV-05448 (CM)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| MICHAEL GOINES,<br><br>                                                       Plaintiff,<br><br>                                  -against-<br><br>THE CITY OF NEW YORK, COMMISSIONER RAYMOND KELLY, P.O.SUPERVISOR JOHN DOE #1; P.O. GREGORY CLARKE, and DENNIS RUSSO, the individual defendants sued individually and in their official capacities,<br><br>                                                Defendants. |
| **ANSWER TO THE COMPLAINT** |
| ***MICHAEL A. CARDOZO***<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendant Fraser, Horn and Kelly*<br>*100 Church Street*<br>*New York, N.Y. 10007*<br><br>*Of Counsel: Brooke Birnbaum*<br>*Tel: (212) 676-1347* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y. ....................................,2005*<br><br>*...........................................................Esq.*<br><br>*Attorney for ................................................* |