UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MICHAEL GOINES,

                        Plaintiff,          **Answer of Defendant Russo with Cross-Claims**

-against-

                                                               Docket No: 07 CV 5448 (CM) (KNF)

THE CITY OF NEW YORK; COMMISSIONER
RAYMOND W. KELLY; P.O. SUPERVISOR JOHN     ECF Case
DOE #1; P.O. GREGORY CLARKE, TAX ID 923673    Trial by Jury Demanded
and DENNIS RUSSO, TAX ID 926045, the individual
defendants sued individually and in their official capacities,

                        Defendants.
----------------------------------------------------------------X

       Defendant, POLICE OFFICER DENNIS RUSSO by his attorneys, Worth, Longworth, & London, LLP., as and for his Answer to the Plaintiff's Amended Complaint, respectfully responds as follows:

## PRELIMINARY STATEMENT

1.     Deny the allegations contained in paragraph 1 of plaintiff's complaint.

## JURISDICTION AND VENUE

2.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 2 of plaintiff's complaint and refers all questions of law to this his court.

3.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 3 of plaintiff's complaint and refers all questions of law to this court.

4.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 4 of plaintiff's complaint and refers all questions of law to this court.

## PARTIES

5.      Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 5 of plaintiff's complaint.

6.      Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 6 of plaintiff's complaint.

7.      Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 7 of plaintiff's complaint.

8.      Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 8 of plaintiff's complaint.

9.      Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 9 of plaintiff's complaint.

10.     Admit that at all relevant times, Defendant Russo was and is employed as a New York City Police Officer and was acting under the color of law and within the scope of his employment.

11.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 11 of plaintiff's complaint and refers all questions of law to this court.

## STATEMENT OF FACTS

12.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 12 of plaintiff's complaint.

13.     Deny the allegations contained in paragraph 13 of plaintiff's complaint.

14.     Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 14 of plaintiff's complaint.

15. Deny the allegations contained in paragraph 15 of plaintiff's complaint.

16. Deny the allegations contained in paragraph 16 of plaintiff's complaint.

17. Deny the allegations contained in paragraph 17 of plaintiff's complaint

18. Deny the allegations contained in paragraph 18 of plaintiff's complaint

19. Deny the allegations contained in paragraph 19 of plaintiff's complaint

20. Deny the allegations contained in paragraph 20 of plaintiff's complaint

21. Deny the allegations contained in paragraph 21 of plaintiff's complaint

22. Deny the allegations contained in paragraph 22 of plaintiff's complaint

23. Deny the allegations contained in paragraph 23 of plaintiff's complaint

24. Deny the allegations contained in paragraph 24 of plaintiff's complaint

25. Deny the allegations contained in paragraph 25 of plaintiff's complaint

26. Deny the allegations contained in paragraph 26 of plaintiff's complaint

27. Deny the allegations contained in paragraph 27 of plaintiff's complaint

28. Deny the allegations contained in paragraph 28 of plaintiff's complaint.

29. Deny the allegations contained in paragraph 29 of plaintiff's complaint.

30. Deny the allegations contained in paragraph 30 of plaintiff's complaint.

31. Deny the allegations contained in paragraph 31 of plaintiff's complaint.

32. Deny the allegations contained in paragraph 32 of plaintiff's complaint.

33. Deny the allegations contained in paragraph 33 of plaintiff's complaint.

34. Deny the allegations contained in paragraph 34 of plaintiff's complaint.

35. Deny the allegations contained in paragraph 35 of plaintiff's complaint.

36. Deny the allegations contained in paragraph 36 of plaintiff's complaint.

37. Deny the allegations contained in paragraph 37 of plaintiff's complaint.

38. Deny the allegations contained in paragraph 38 of plaintiff's complaint.

39. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 39 of plaintiff's complaint.

40. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 40 of plaintiff's complaint.

41. Deny the allegations contained in paragraph 41 of plaintiff's complaint.

42. Deny the allegations contained in paragraph 42 of plaintiff's complaint

43. Deny the allegations contained in paragraph 43 of plaintiff's complaint

44. Deny the allegations contained in paragraph 44 of plaintiff's complaint.

45. Deny the allegations contained in paragraph 45 of plaintiff's complaint

46. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 46 of plaintiff's complaint.

47. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 47 of plaintiff's complaint

48. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 48 of plaintiff's complaint

49. Deny the allegations contained in paragraph 49 of plaintiff's complaint

50. Deny the allegations contained in paragraph 50 of plaintiff's complaint

51. Deny the allegations contained in paragraph 51 of plaintiff's complaint

52. Deny the allegations contained in paragraph 53 of plaintiff's complaint

## AS AND FOR AN ANSWER TO THE FEDERAL AND STATE CLAIMS AGAINST THE <u>INDIVIDUAL DEFENDANTS</u>

53. In response to paragraph "53" of plaintiff's complaint, Defendant Russo repeats and reiterates each and every answer set forth in paragraphs numbered "1" through "52" as if same were fully set forth at length herein.

54. Deny the allegations contained in paragraph 54 of plaintiff's complaint

55. Deny the allegations contained in paragraph 55 of plaintiff's complaint

56. Deny the allegations contained in paragraph 56 of plaintiff's complaint, except admit that at all times mentioned in the complaint, Officer Russo was acting under the color of law and within the scope of his employment as a New York City Police Officer.

57. Deny the allegations contained in paragraph 57 of plaintiff's complaint.

58. Deny the allegations contained in paragraph 58 of plaintiff's complaint.

## AS AND FOR AN ANSWER TO THE FEDERAL AND STATE CLAIMS AGAINST <u>DEFENDANT KELLY</u>

59. In response to paragraph "59" of plaintiff's complaint, Defendant Russo repeats and reiterates each and every answer set forth in paragraphs numbered "1" through "58" as if same were fully set forth at length herein

60. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 60 of plaintiff's complaint.

61. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 61 of plaintiff's complaint.

62. Deny knowledge and information sufficient to form a belief as to the allegations

contained in paragraph 62 of plaintiff's complaint.

63. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 63 of plaintiff's complaint.

64. Deny the allegations contained in paragraph 63 of plaintiff's complaint.

65. Deny the allegations contained in paragraph 65 of plaintiff's complaint.

## AS AND FOR AN ANSWER TO THE FEDERAL AND STATE CLAIMS AGAINST THE CITY OF NEW YORK

66. In response to paragraph "66" of plaintiff's complaint, Defendant Russo repeats and reiterates each and every answer set forth in paragraphs numbered "1" through "65" as if same were fully set forth at length herein.

67. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 67 of plaintiff's complaint.

68. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 68 of plaintiff's complaint.

69. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 69 of plaintiff's complaint.

70. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 70 of plaintiff's complaint.

71. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 71 of plaintiff's complaint.

72. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 72 of plaintiff's complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

73.     Plaintiff's complaint fails to state a claim upon which relief can be granted as against Police Officer Russo both in his official and individual capacity.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

74.     That the alleged incident and damages, if any, alleged to have been sustained by the plaintiff on the occasion(s) mentioned in the complaint were wholly or in part caused by the culpable conduct of the plaintiff.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

75.     That the actions of Police Officer Russo, as a sworn police officer of the defendant, CITY OF NEW YORK, were justified and were done in good faith, in that said defendant police officer reasonably believed that he was exercising and acting within his statutory and constitutional powers.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

76.     The plaintiff's complaint fails to set forth facts sufficient to constitute deprivation of any constitutional rights or other basis for a civil rights claim.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

77.     Police Officer Russo acted reasonably and in good faith in discharging his official duties and responsibilities, and as such said defendant is entitled to qualified immunity.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

78. Causes of Action alleged in plaintiff's complaint are barred by the applicable statute of limitations.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

79. That any sums or consideration paid or promised to plaintiff, by any persons or corporations claimed to be liable for injuries or damages alleged in the complaint, shall reduce any judgment rendered in favor of plaintiff as against defendant Police Officer Russo to the extent of the greater of either the sums or consideration paid or promised to plaintiff or the amount of the released tortfeasor's(s) equitable share(s) of the damages in accordance with General Obligation Law § 15-108, et. seq.

## AS AND FOR AN EIGHT AFFIRMATIVE DEFENSE

80. Any award for recovery of the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings, or other economic loss claimed by the plaintiff (s) shall be reduced to the extent that any such cost or expense was or will with reasonable certainty be replaced or indemnified from any collateral source pursuant to CPLR § 4545.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

81. Upon information and belief the injuries or damages alleged in the complaint were or may have been caused in whole or in part by the parties now or hereafter to be named as co-defendants or third-party defendants and accordingly the liability of the below answering defendant is or may be limited by the provisions of Article 16 of the CPLR.

## AS AND FOR A FIRST CROSS-CLAIM AGAINST DEFENDANT, CITY OF NEW YORK

82. If the plaintiff was caused damages as alleged in the plaintiff's complaint, due to any culpable conduct other than plaintiff's own culpable conduct, then such damages were subsequently due to the culpable conduct, negligent acts of omission or commission of defendant, THE CITY OF NEW YORK.

**AS AND FOR A SECOND CROSS-CLAIM AGAINST DEFENDANT, CITY OF NEW YORK**

83. All of the acts of Officer Conroy were performed within the scope of his duty and within the scope of his employment as a New York City Police Officer, and any liability to the plaintiff must be assumed by his employer, the defendant, THE CITY OF NEW YORK, pursuant to the principle of respondeat superior.

84. Pursuant to this principle of law, if the plaintiff recovers any judgment against Officer Russo then said defendant is entitled to recover the amount of such judgment from defendant, THE CITY OF NEW YORK.

**AS AND FOR A THIRD CROSS-CLAIM AGAINST DEFENDANT, CITY OF NEW YORK**

85. All of the actions of Officer Russo were performed within the performance of his duties and within the scope of his employment as a New York City Police Officer, and any liability to the plaintiff must be assumed by defendant, THE CITY OF NEW YORK, pursuant to NYS General Municipal Law Section 50-k.

86. Any damages sustained by the plaintiff at the time or place mentioned in the plaintiff's complaint are embraced within the provisions of NYS General Municipal Law Section 50-k.

87. Pursuant to this provision of NYS General Municipal Law Section 50-k, if the plaintiff recovers any judgment against Officer Russo, then the answering defendant is entitled to indemnification and/or contribution to recover the amount of such judgment from the defendant,

THE CITY OF NEW YORK.

**WHEREFORE**, Defendant Police Officer Denis Russo respectfully demands judgment against the plaintiff as follows:

(a) Dismissing the plaintiff's Complaint in its entirety;

(b) Over and against the defendant, THE CITY OF NEW YORK for the amount of any judgment obtained against defendant Police Officer Russo;

( c) Granting defendant Police Officer Russo costs, disbursements, expenses of the action, reasonable attorneys fees, and such other and further relief as this Court deems just and proper.

Dated: New York, NY
December 4, 2007

>                      Yours truly,
>
>                      /s/
>
>                      BY: John W. Burns (1072)
>                      WORTH, LONGWORTH & LONDON, LLP.
>                      Attorney for Defendant New York City
>                      Police Officer Russo
>                      111 John Street, Suite 640
>                      New York, NY 10038
>                      (212) 964-8038

TO:   Michael O. Hueston, Esq.
      Attorney for Plaintiff
      350 Fifth Avenue, Suite 4810
      New York, NY 10118

      New York City Law Department
      Attorney for the City of New York
      100 Church Street
      New York, New York 10007
      Attn: Brooke Birnbaum, Assistant Corporation Counsel

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2007, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following parties and participants: Michael O. Hueston, Esq., attorney for Plaintiff and Brooke Birnbaum, Assistant Corporation Counsel, attorney for Co-defendant City of New York.

/s/
_____

BY: John W. Burns  (1072)