# WORTH, LONGWORTH & LONDON, LLP

ATTORNEYS AND COUNSELLORS AT LAW

111 JOHN STREET
NEW YORK, N.Y. 10038
TELEPHONE: (212) 964-8038
FACSIMILE: (212) 964-8164





March 13, 2008

Via Regular Mail

**MEMO ENDORSED**

Honorable Colleen McMahon
United States District Judge
United States District Court Southern District
Daniel P. Moynihan Courthouse
500 Pearl Street
New York, NY 10007

Re: Michael Goines v. The City of New York, et al
Docket No: 07 CV 5448 (CM) (KNF)

Your Honor:

    I represent the individually named defendant New York City Police Officer Dennis Russo in the above referenced matter.

    I write to inform the Court of defendant Russo's intent to cross-move for summary judgment based upon qualified immunity. Defendant Russo's grounds for his motion are simple, the City of New York has failed to train, supervise and notify its employees, the men and women of the New York City Police Department ("N.Y.P.D.") of the developments in the law, and of its own policy as it relates to persons searched after they have been taken into custody.

    The Assistant Corporation Counsel representing the defendant City of New York has indicated the grounds for their motion would be lack of personal involvement by the municipal defendant as to the search of plaintiff.

    Defendant Russo is requesting Your Honor expand discovery and order the City of New York to produce materials and documents that are essential to his motion and to defeat the defendant City of New York's motion.

    Presently, as per Your Honor's rules, only the plaintiff Michael Goines' deposition has been scheduled. I have written to the assigned Assistant Corporation Counsel, in an attempt to

secure the City's voluntary production of the required discovery. Ms. Birnbaum has failed to respond. Over the past few months I have attempted to demonstrate to Ms. Birnbaum and her supervisors that there has been a major deficiency in the N.Y.P.D.'s training, supervision and notification of the men and women of the N.Y.P.D. as to the law and policies concerning searches and more particularly what is considered a "strip search". It is clear that a conflict presently exists between the N.Y.P.D., the Civilian Complaint Review Board ("CCRB") and Corporation Counsel as to what constitutes a strip search and when they are legally permissible.

We are aware a training tape concerning new search polices and procedures was completed on or about January 2007. However, the N.Y.P.D. has not shown this tape to its target audience as part of the in-service training program. Defendant Russo has not been informed of any change in the search policies and procedures despite being transferred to a unit of the N.Y.P.D. where searches of individuals is an every day occurrence.

This new training tape had been promised by the N.Y.P.D. since 2004. In May 2004, CCRB released a report critical of the search procedures employed by the N.Y.P.D. On the heels of the CCRB report, N.Y.P.D. sent a teletype message amending their search procedures to all precincts and commands. However, there is no proof that this was ever communicated to the officers. For reasons known only to the N.Y.P.D., close to four years have passed and there has been no in-service training nor has N.Y.P.D. Patrol Guide been updated to reflect these changes in search policies and procedures that were "published" via teletype in May 2004.

I have attached a list of discovery requirements we feel are necessary for us to make a motion for summary judgment based on qualified immunity. We therefore, request the Court to order the City of New York to comply with these discovery demands and to permit defendant Russo to engage in limited discovery and depose at least two City witnesses to assist in establishing his motion for summary judgment.

Thank you for your time and consideration.

Respectfully submitted,

John W. Burns (JWB 1072)

JWB/ls

Attachment

cc:  Brooke Birnbaum, Assistant Corporation Counsel
    Attorney for Defendant New York City and Police Officer Clarke

    Michael O. Hueston, Esq.
    Attorney for Plaintiff, Michael Goines

**LIST OF DISCOVERY DEMAND REQUESTED BY DEFENDANT RUSSO**

(1)  Please provide a copy of the strip search/training videotape/DVD.

(2)  Records of where, when, and who viewed the strip search training tape.

(3)  All related written material that was produced in association with this training tape.

(4)  The N.Y.P.D. Academy Training material for searches from 1999 to 2000 classes.

(5)  Any consent decrees entered into by the City of New York concerning searches and strip searches.

(6)  Any consent decrees entered into by the City of New York concerning searches conducted by the N.Y.P.D.

(7)  A list of all cases, including docket numbers, filed against the City of New York, concerning improper searches by members of the N.Y.P.D. from 2000 to the present.

(8)  The terms of settlement for all cases concerning searches by members of the N.Y.P.D. since 2000, and indicate what, if any, cases made provisions for training.

(9)  List all Amendments to the N.Y.P.D. patrol guide concerning searches from 1999 to the present.

(10) All CCRB cases concerning allegations of improper searches made since 2000 and the result of same.

(11) All documents associated with the May 13, 2004 teletype "Finest Message" concerning the amendment of the search polices and procedures.

(12) Please provide the Command Log from the 79th Pct for the months of May and June 2004 showing there was compliance with the May 13, 2004 Finest Message requiring said message to be read at 10 consecutive roll calls and for it to be posted in the command. In the absence of same, an affidavit stating there is no record of this "Finest Message" being read at 10 roll calls.

(13) Provide all Compstat data concerning searches - station house, strip searches and stop questions and frisks for the 79th Pct. for the months of June 2006 to September 2006.